UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **NASERELDIN KHARASH** | \* | **CIVIL ACTION NO. 14-0648**<br>Section P |
| **VERSUS** | \* | **JUDGE ROBERT G. JAMES** |
| **ERIC H. HOLDER, JR., ET AL.** | \* | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a pro se motion for temporary stay of removal [doc. # 24] filed by petitioner Nasereldin Kharash.[1] For reasons stated below, it is recommended that the motion be DENIED.

Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is a citizen of Sudan who is subject to a final order of removal. In his motion, petitioner alleges that Sudan is currently under "Temporary Protected Status," and thus if he were deported, he would have a high chance of being killed on sight upon arrival in his native country. Accordingly, petitioner desires to renounce his Sudanese citizenship and pledge allegiance to the United States. In the interim, he seeks a stay of removal.

Be that as it may, the relief sought by petitioner is connected "directly and immediately" with the Attorney General's decision to effect his removal. *See Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (unpubl.). So construed, however, this court lacks jurisdiction to grant

---

[1] As petitioner is presently represented by counsel, all filings must be initiated by counsel. Accordingly, the instant submission is not properly before the court, and may be stricken on that basis. Nonetheless, in the interest of expediency and efficiency, the court will consider the matter.

petitioner the relief that he seeks. *Reno v. American-Arab Anti-Discrimination Committee,* 119 S.Ct. 936 (1999); *Alvidres-Reyes v. Reno,* 180 F.3d 199 (5th Cir. 1999); *Sharif v. Ashcroft,* 280 F.3d 786 (7th Cir. 2002); *Idokogi, supra.*[2] Accordingly,

IT IS RECOMMENDED that petitioner's motion for temporary stay of removal [doc. # 24] be DENIED.[3]

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 25th day of August 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 8 U.S.C. §1252(g) deprives federal courts of jurisdiction to entertain claims directed towards the "commencement of proceedings," the "adjudication of cases," or the "execution of a removal order."

[3] The Clerk of Court is directed to forward petitioner a copy of this report at the return address that he provided on the envelope of his submission.